Mary Jo O'Neill  AZ Bar #005924
Sally C. Shanley  AZ Bar # 012251
Michelle G. Marshall AZ Bar # 017358
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**, Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-5020
Email: mary.oneill@eeoc.gov
       sally.shanley@eeoc.gov
       michelle.marshall@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> TEMPLE-INLAND INC., d/b/a INLAND PAPERBOARD & PACKAGING, a Delaware corporation, <br><br> Defendant. | CIV <br><br><br><br> **COMPLAINT** <br><br> **(Jury Trial Demanded)** |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to David C. Neal and a class of individuals, age 40 or older, whom Defendant terminated because of their age. The Equal Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant, Temple Inland Inc., d/b/a Inland Paperboard & Packaging, ("Defendant"), terminated Mr. Neal, who was then age 56, from his job as Plant Manager because of his age. The Commission also alleges Defendant terminated a class of employees who are at least 40 years of age because of their age.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Section 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§216(c) and 217.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant has continuously been a Delaware corporation doing business in the State of Arizona and the City of Glendale, and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

# STATEMENT OF CLAIMS

7. Since at least July 30, 2001, Defendant has engaged in unlawful employment practices at its Glendale, Arizona facilities in violation of Section 623(a)(1) of the ADEA, 29 U.S.C. § 623 (a)(1). The unlawful employment practices include:

   a. Terminating the employment of Mr. Neal, who was born in 1946, because of his age;

   b. Terminating a class of employees who were age 40 or older;

   c. During the relevant time, Defendant's management would make age-biased comments, such as discussing whether certain employees who were over the age of 40 were "retiring on the job;" and

   d. One or more of Defendant's management officials commented that Defendant's Arizona employees were "old" and made statements like "this is a young man's game" and "we need young blood."

8. The effect of the practices complained of in paragraph 7(a)-(d) above has been to deprive Mr. Neal and a class of employees who are 40 years of age or older, of equal employment opportunities and otherwise adversely affect their status as employees because of their age.

9. The unlawful employment practices complained of in paragraph 7(a)-(d) above are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

# PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in the termination of employees who are 40 years old or older because of their age and from any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older,

1 and which eradicate the effects of its past and present unlawful employment practices.

2     C.    Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Mr. Neal and a class of individuals who are 40 years old or older who were adversely affected by the unlawful practices described above.

8     D.    Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful - place reinstatement of Mr. Neal and a class of protected age group employees or, alternatively, front pay.

13     E.    Grant such further relief as the Court deems necessary and proper in the public interest.

15     F.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this 2nd day of August, 2006.

                      Respectfully submitted,

                      JAMES L. LEE
                      Deputy General Counsel

                      GWENDOLYN YOUNG REAMS
                      Associate General Counsel

                      EQUAL EMPLOYMENT
                      OPPORTUNITY COMMISSION
                      1801 L Street, N.W.
                      Washington, D.C.  20507

s/Mary Jo O'Neill
MARY JO O'NEILL
Regional Attorney

s/Sally C. Shanley
SALLY C. SHANLEY
Supervisory Trial Attorney

s/Michelle G. Marshall
MICHELLE G. MARSHALL
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona  85012
(602) 640-5020
Attorneys for Plaintiff