UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) | **CV06-1899-PHX-NVW** |
| Plaintiff, | ) ) ) | **CONSENT DECREE** |
| vs. | ) ) ) | |
| TIN Inc. d/b/a Temple-Inland, a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) | |

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against TIN Inc., d/b/a Temple-Inland ("TIN" or "Defendant") to enforce the Age Discrimination in Employment Act of 1967 ("ADEA") and the Civil Rights Act of 1991, 42 U.S.C. §1981a.  In its Complaint, the Commission alleged that TIN terminated employees who are at least 40 years of age and older because of their age, including Charging Party Dave Neal and a class of employees.

The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.

In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be resolved finally by entry of this Consent Decree ("Decree").

It is hereby ORDERED, ADJUDGED AND DECREED:

1. This Decree resolves all claims of the Commission and Dave Neal, John Vanecko, and Clifton McGraw (collectively, the "Claimants") against Defendant, including back pay, front pay, interest, injunctive relief, attorney's fees and costs arising out of the issues in this lawsuit. Except where specified below, the terms of this Decree apply only to TIN's operations at its Glendale, Arizona facility.

2 Neither this Decree nor any order approving this Decree is or shall be construed as an admission by TIN of the truth of any allegation or the validity of any allegation asserted in this civil action, or of TIN's liability therefore, nor as a concession or an admission of any fault or omission of any act or failure to act by TIN.

## **INJUNCTION**

3. TIN, and its successors and assigns for the duration of this Decree, are permanently enjoined from engaging in any employment practice which discriminates on the basis of age against individuals 40 years of age and older.

4 TIN, and its successors and assigns for the duration of this Decree, are permanently enjoined from retaliating against any employee because he or she: (i) opposes or opposed discriminatory practices made unlawful by the ADEA; (ii) files or filed a charge of discrimination, assists or has assisted, participates or has participated in the filing of a charge of discrimination; or (iii) assists, assisted, participates or participated in an investigation or proceeding brought under the Federal laws prohibiting discrimination or retaliation.

5. TIN, and its successors and assigns for the duration of this Decree, shall carry out policies, practices and programs which provide equal employment opportunities for individuals who are 40 years of age and older.

**MONETARY RELIEF**

6. Within fourteen (14) calendar days of the entry of this Decree, TIN shall make a payment in the total amount of Two Hundred and Fifty Thousand Dollars ($250,000.00) in resolution of all claims asserted in this case. These payments shall be apportioned to the Claimants as follows:

        David Neal        $ 140,000.00

        Clifton McGraw    $ 60,000.00

        John Vanecko     $ 50,000.00

For each payment to the Claimants, 50% will not be apportioned as backpay, for which TIN will issue an IRS Form 1099 to each Claimant, and 50% will be apportioned as back pay, for which TIN will issue an IRS W-2 Form to each Claimant by January 31, 2011.

7       The amount set forth in Paragraph 6 of this Decree shall be paid by TIN in a check or money order payable to each of the Claimants. Each such check or money order shall be mailed directly by TIN to each of the Claimants, at the addresses to be provided by the Commission within five (5) days of the entry of this Decree. Within three (3) business days of the issuance of the check or money order, TIN shall submit a copy of the check or money order, and related correspondence, to the United States Equal Employment Opportunity Commission, Regional Attorney, 3300 North Central Avenue, Suite 690, Phoenix, Arizona, 85012.

8       TIN shall not condition the receipt of this monetary relief on any Claimant's agreement to (a) waive his statutory right to file a charge with any federal or state anti-discrimination agency; or (b) waive his right to apply for a position with TIN or any other TIN entity; or (c) maintain confidentiality.

**TRAINING**

9. During the term of this Decree, TIN shall provide annual training regarding the ADEA to all employees in its Glendale, Arizona plant, as well as to Birg Mishurda

3

and Juan Ramon Garza if these individuals remain employed by Defendant at the time of the training.

10. During the first year, the seminar-training session shall be conducted within four (4) months of the entry of this Decree. During the succeeding years, the training session shall be conducted between ten (10) and thirteen (13) months after the completion of the preceding session.

11. The trainer shall be a person(s) acceptable to the Commission. TIN shall submit the name(s), address(es), telephone number(s), and resume(s) of the proposed trainer as well as the date(s) of the proposed training to the EEOC at least thirty (30) days prior to the proposed training. The Commission shall have thirty days from the date of receipt of the information described above to accept or reject the proposed trainer. In the event the Commission does not approve the trainer, it shall provide the specific bases for the rejection in writing.,

12. Each of the training sessions shall be no less than ninety (90) minutes. All personnel designated in Paragraph 9 of this Decree shall both register and attend the seminar-training sessions, as required. The registry of attendance shall be retained by TIN for the duration of the Decree.

13. The training shall include the subject of what constitutes age discrimination; that age discrimination in the recruitment, hiring, firing, layoff, compensation, assignment or other terms, conditions or privileges of employment violates the ADEA, how to prevent age discrimination; how to provide a work environment free from age discrimination; to whom and by what means employees may complain if they believe they have been subjected to age discrimination in the workplace; TIN's statutory obligations under the ADEA in general, and in particular its obligation not to discriminate on the basis of age in employment decisions concerning the continuing employment of current employees; and objective, non-discriminatory decision-making and proper procedures for evaluations, reductions in force and layoffs.

14. The Commission, at its discretion, may designate Commission representatives to attend and participate in any of the seminar-training sessions described above, and the representatives shall have the right to attend and fully participate in all the sessions.

**OTHER RELIEF**

15. TIN shall expunge from any personnel file regarding the Claimants any reference to any charge or complaint of discrimination filed against TIN that formed the basis of this action.

16. Within thirty (30) days of the entry of this decree, TIN shall mail to the Claimants a neutral letter of reference listing their dates of employment, position(s) held, and salary.  In response to any inquiries from prospective employers regarding any Claimant that is directed to Fritz J. Aldrine, Associate General Counsel, 1300 South MoPac Expressway, Austin, TX 78746-6933,  TIN shall provide their dates of employment, position(s) held, and salary,.  In response to any inquiries from prospective employers regarding any Claimant that is directed to TIN's Human Resources, TIN shall provide their dates of employment and last position held, consistent with TIN's regular policy on employment references.

17. Within sixty (60) days of the entry of this Decree, TIN shall review and modify, if necessary,  the policies and practices applicable to its Glendale, Arizona operations, if necessary, to help ensure a work environment free from age discrimination for its employees and to allow employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived or actual, made unlawful by the ADEA.  This written policy must include, at a minimum:

A. A commitment to a workplace free of age discrimination and retaliation;

B. Definitions of age discrimination;

C. Encouragement of persons who believe they have been discriminated against on the basis of age or retaliated against to come forward;

    D.    A description of the consequences, up to and including termination, that will be imposed upon violators of the policy;

    E.    A promise of maximum feasible confidentiality for persons who believe that they have experienced age discrimination or retaliation;

    F.    An assurance of non-retaliation for witnesses of discrimination and persons who believe they have been discriminated against on the basis of their age and other federally-protected statuses;

    G.    A statement that age discrimination by all persons, including management officials, supervisors, is prohibited and will not be tolerated;

    H.    The identification of specific job titles, with their telephone numbers, to whom employees who have experienced age discrimination or retaliation can report the age discrimination or retaliation, including a written statement that the employee may report the discrimination to designated persons outside their chain of management;

    I.    Assurances that Defendant will investigate age discrimination and retaliation allegations promptly, fairly, reasonably, and effectively by appropriate investigators and that appropriate corrective action will be taken by Defendant to prohibit the age discrimination and retaliation.

    J.    These policies shall be distributed to each current employee at TIN's Glendale, Arizona facility within thirty (30) days of the entry of the Decree. TIN's prohibited age discrimination and retaliation policies shall be distributed to all new Glendale, Arizona employees when hired.

    18.    TIN shall post for the duration of this Decree, in a prominent place in its Glendale, Arizona facility frequented by its employees, including, both at the time that this Decree becomes effective and for the duration of this Decree, the Notice attached hereto as Attachment A. The Notice shall be the same type, style and size as set forth in Attachment A.

**REPORTING BY DEFENDANT**

19. TIN shall report in writing to the Regional Attorney of the Commission's Phoenix District Office at 3300 N. Central Ave., Suite 690, Phoenix, Arizona 85012, beginning six (6) months from the date of the entry of this Decree, and thereafter every six (6) months for the duration of the Decree the following information:

   A. Any changes, modifications, revocations, or revisions to its policies and procedures made pursuant to Paragraph 17 of this Decree.

   B. The name, job title, social security number, and last known home telephone number and address of any individual employed by TIN at its Glendale, Arizona facility who has complained of termination, denial of hiring or re-hiring opportunities based on age discrimination against any TIN management official, agent or employee, whether the allegations are communicated through formal or informal complaint reporting mechanisms, whether telephonic, recorded, verbal or oral, during the six (6) months preceding the report. The nature of the complaint, investigatory efforts made by TIN and the corrective action taken, if any, shall be specified.

   C. Confirmation that: (i) the Notice required in Paragraph 18 of this Decree was posted and the locations where it was posted, and (ii) the expungement from personnel files required in Paragraph 15 of this Decree took place, the date of the expungement, and the specific documents expunged, if any.

   D. Confirmation that TIN's equal employment opportunity training includes the topics listed in Paragraph 13 of this Decree.

   E. TIN shall maintain all records concerning its implementation of this Consent Decree during the term of the Decree. TIN shall also maintain, and keep available for inspection and copying by EEOC, all records relating to layoffs, retirements, and terminations of its employees in Glendale, Arizona.

   F. A copy of each letter of reference mailed pursuant to Paragraph 16.

20. Beginning six months after entry of this Consent Decree and every six months thereafter for the duration of the Decree, TIN shall furnish the EEOC with reports

reflecting the name, address and telephone number of each employee who was terminated, retired, or hired during the preceding six month period, his/her age, date of birth, date of termination or hire, division, job title at the time of termination or hire, and the name of the decision-maker(s) responsible for the termination or hire.  The last report under this paragraph shall be submitted to the EEOC two weeks prior to the date on which the Consent Decree is to expire.   The Commission, upon reasonable notice, shall have the right to enter and inspect TIN premises to ensure compliance with this Consent Decree and the ADEA's prohibition of age discrimination and retaliation

## **COSTS, DURATION AND ENFORCEMENT**

21. The parties shall each bear their own costs, and attorneys' fees incurred as a result of this action through the filing of this Decree.

22. The duration of this Decree shall be two (2) years from its entry.  This Court shall retain jurisdiction over this action for the duration of the Decree, during which the Commission may petition this Court for compliance with this Decree.

23. This Decree shall expire by its own terms at the end of two years (2) from the date of entry, without further action by the Parties.

24. If any provision(s) of this Consent Decree are found to be unlawful, only the specific provision(s) in question shall be affected and the other provisions shall remain in full force and effect.

25. The parties agree to entry of this Decree, subject to final approval by the Court.

## **PENALTIES FOR NON-COMPLIANCE**

26. This Court shall retain jurisdiction over this action for the duration of the Decree.  During this time, the EEOC may petition this Court to order TIN to comply with the Decree.  Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such a period as may be necessary to remedy Defendant's non-compliance, may be ordered.

27. If TIN fails to comply with the monetary provisions of this Decree, it shall have ten (10) business days to cure its non-compliance. Thereafter, a penalty shall accrue in the amount of $100.00 day per Claimant ($300.00 per day), until TIN is in compliance with the Decree.

28. In the event that TIN does not comply with any provision of this Decree, and the Commission petitions the Court to order TIN to comply, TIN shall pay all costs incurred by the Commission to enforce the Decree.

Dated this 11th day of June, 2010.

_____
Neil V. Wake
United States District Judge

# ATTACHMENT A

# NOTICE TO ALL EMPLOYEES OF
# TIN INC.

This Notice is posted pursuant to a Consent Decree entered into between TIN Inc. and the Equal Employment Opportunity Commission (EEOC).

It is unlawful under federal law, the Age Discrimination in Employment Act (ADEA) and state law to discriminate against an employee on the basis of age. It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC.

TIN Inc. will not discriminate against any employee on the basis of age and will not retaliate against any employee.

If you believe you have been discriminated against by TIN Inc. you have the right to seek assistance from:

(1)   EEOC, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012, (602) 640-5000; or

(2)   Arizona Civil Rights Division (ACRD) of the Attorney General's Office, 1275 W. Washington, Phoenix, Arizona, 85007, (602) 255-5263.

You also have the right to file a charge with the EEOC or ACRD if you believe you are being discriminated against.

<u>No Retaliation Clause.</u>  No action may be taken against you by any supervisory or management official of TIN Inc. for (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation or proceeding brought under the ADEA.  Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or the ACRD and the address or telephone numbers listed above.

THIS NOTICE MUST REMAIN POSTED FOR TWO YEARS._____.


Dated:_____